UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80823-CIV-COHN

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

WESTON CAPITAL ASSET
MANAGEMENT LLC, ALBERT
HALLAC, and KEITH WELLNER,

    Defendants,

JEFFREY HALLAC,

    Relief Defendant.
_____/

## FINAL JUDGMENT AS TO RELIEF DEFENDANT JEFFREY HALLAC

**THIS CAUSE** is before the Court upon Plaintiff's Notice of Filing Consent of Relief Defendant Jeffrey Hallac to Final Judgment and Request for Entry of Final Judgment [DE 6]. The Court has carefully reviewed this filing and is otherwise fully advised in the premises. Accordingly, as set forth below, Final Judgment is hereby **ENTERED** in favor of Plaintiff Securities and Exchange Commission and against Relief Defendant Jeffrey Hallac.

The Securities and Exchange Commission having filed a Complaint; Relief Defendant Jeffrey Hallac having entered a general appearance, consented to the Court's jurisdiction over Hallac[1] and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint

---

[1] As used in this Final Judgment, "Hallac" refers to Relief Defendant Jeffrey Hallac, not Defendant Albert Hallac.

(except as to subject matter and personal jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment; and the Court having accepted such Consent and having jurisdiction over Hallac and the subject matter of this action, it is hereby

**ORDERED AND ADJUDGED** as follows:

**I.     Disgorgement**

Hallac is liable for disgorgement of $120,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $8,010.52.  Hallac shall satisfy this obligation by paying $48,010.52 that he has escrowed with his counsel within fourteen days of entry of this Final Judgment.  Hallac shall also make four equal payments of $20,000.00, each due 3 months from entry of the Final Judgment, 6 months from entry of the Final Judgment, 9 months from entry of the Final Judgment, and 1 year from entry of the Final Judgment.

If Hallac fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately.  The Commission may at that point enforce the Final Judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time.  Hallac shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Hallac may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Hallac may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; stating Hallac's name as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Hallac shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Hallac relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Hallac.  The Commission shall hold the funds together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff or the Court determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to the Final Judgment to the United States Treasury.

**II.     Incorporation of Consent**

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Hallac shall comply with all of the undertakings and agreements set forth in the Consent.

**III.    Retention of Jurisdiction**

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**IV.    Rule 54(b) Certification**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 3rd day of July, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF