UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-cv-80823-JIC

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

WESTON CAPITAL ASSET MANAGEMENT LLC,
ALBERT HALLAC, and KEITH WELLNER,

Defendants,

JEFFREY HALLAC,

Relief Defendant.

## FINAL JUDGMENT SETTING DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY AMOUNTS AGAINST DEFENDANT ALBERT HALLAC

The Securities and Exchange Commission having filed a Complaint, and Defendant Albert Hallac having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment Setting Disgorgement, Prejudgment Interest, and Civil Penalty Amounts ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction and except as otherwise provided herein in paragraph II, which Hallac admits) (the "Consent"); previously consented to the Judgment of Permanent Injunction entered on July 7, 2014 (DE 15) ("Injunction Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment or the Injunction Judgment:

I.

## DISGORGEMENT, PREJUDGMENT INTEREST, CIVIL PENALTY
## AND PAYMENT INSTRUCTIONS

**IT IS ORDERED AND ADJUDGED** that Hallac is liable for disgorgement in the amount of $268,461.92 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $30,572.52 for a total of $299,034.44. Hallac shall also pay a civil penalty in the amount of $268,461.92, pursuant to Section 21(d) of the Securities Exchange Act of 1934 and Section 209(e) of the Investment Advisers Act of 1940. Hallac shall pay the disgorgement, prejudgment interest, and civil penalty due of $567,496.36 by paying $100,000 that he has escrowed with his counsel within fourteen days of entry of this Final Judgment. Hallac shall also make four installment payments to the Commission according to the following schedule: (1) $154,374.09 within 90 days from entry of this Final Judgment; (2) $104,374.09 within 180 days from entry of this Final Judgment; (3) $104,374.09 within 270 days from entry of this Final Judgment; (4) $104,374.09 within 360 days from entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Hallac shall contact the staff of the Commission for the amount due for the final payment.

If Hallac fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

-3-

Hallac may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Hallac may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Hallac as a defendant in this action; and specifying that payment is made pursuant to the Final Judgment. Hallac shall simultaneously transmit photocopies of evidence of payment and case identifying information to: Christine Nestor, Senior Trial Counsel, Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. By making this payment, Hallac relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Hallac. The Commission may enforce the Court's Final judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of the Final Judgment. Hallac shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Hallac shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Hallac's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Hallac's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Hallac shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Hallac by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Hallac shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise

used for the benefit of investors. Hallac shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

II.

BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Hallac, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Hallac under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Hallac of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

III.

INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Hallac is incorporated herein with the same force and effect as if fully set forth herein, and that Hallac shall comply with all of the undertakings and agreements set forth therein.

IV.

RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

-6-

V.

**CERTIFICATION UNDER RULE 54(b)**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 22ⁿᵈ day of JUNE, 2015.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Service on all parties and counsel of record