UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-cv-80823-JIC

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

WESTON CAPITAL ASSET MANAGEMENT LLC,
ALBERT HALLAC, and KEITH WELLNER,

Defendants,

JEFFREY HALLAC,

Relief Defendant.

FINAL JUDGMENT SETTING DISGORGEMENT,
PREJUDGMENT INTEREST AND CIVIL PENALTY
AMOUNTS AGAINST WESTON CAPITAL ASSET MANAGEMENT LLC

The Securities and Exchange Commission having filed a Complaint, and Defendant Weston Capital Asset Management LLC having: entered a general appearance; consented to the Court's jurisdiction over it and the subject matter of this action; consented to entry of this Final Judgment Setting Disgorgement, Prejudgment Interest, and Civil Penalty Amounts ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Weston admits) (the "Consent"); previously consented to the Judgment of Permanent Injunction entered on July 7, 2014 (DE 15) ("Injunction Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment or the Injunction Judgment:

I.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY AND PAYMENT INSTRUCTIONS

**IT IS ORDERED AND ADJUDGED** that Weston is liable for disgorgement in the amount of $406,254.65 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $46,264.38 for a total of $452,519.03. Weston shall also pay a civil penalty in the amount of 406,254.65, pursuant to Section 21(d) of the Securities Exchange Act of 1934 and Section 209(e) of the Investment Advisers Act of 1940. The total amount, $858,773.68, shall be due and payable within 14 days of entry of this Final Judgment.

Weston may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment also may be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Weston may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter (i) identifying the case title, civil action number, and name of this Court; (ii) identifying Weston as a defendant in this action; and (iii) specifying that payment is made pursuant to this Final Judgment.

Weston shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action: Christine Nestor, Esq.,

Securities & Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. By making this payment, Weston relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to it. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Weston shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Weston shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Weston's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Weston's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Weston shall, within 30 days after entry of a final order granting the Penalty Offset, notify the

Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Weston by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Weston shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that it pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Weston shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that it pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## II.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated with the same force and effect as if fully set forth herein, and that Weston shall comply with all of the undertakings and agreements set forth therein.

## III.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 22nd day of June, 2015.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Service on all parties and counsel of record